[Cite as *State v. Stockbridge*, 2018-Ohio-4809.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| CITY OF ALLIANCE | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2018 CA 00106 |
| STEVEN WENDELL STOCKBRIDGE | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Alliance Municipal
Court, Case No. 2018 CRB 00787


JUDGMENT:     Reversed and Vacated


DATE OF JUDGMENT ENTRY:     December 3, 2018


APPEARANCES:

For Plaintiff-Appellee

CAITLYN R. SCHNEIDER
JENNIFER ARNOLD
ANGELIQUE RUHL
LAW DIRECTOR'S OFFICE
470 East Market Street
Alliance, Ohio 44601

For Defendant-Appellant

LATHAN J. LIPPERMAN
3360 Tremont Road
Suite 230
Columbus, Ohio 43221

*Wise, John, P. J.*

**{¶1}** Appellant Steven Wendell Stockbridge appeals his conviction on one count of violating Alliance Municipal Ordinance §1-765.04.

**{¶2}** Appellee is the City of Alliance.

<u>STATEMENT OF THE FACTS</u>

**{¶3}** For purposes of this Opinion which has been assigned to the accelerated docket, the relevant facts and procedural history are as follows:

**{¶4}** On June 9, 2018, Appellant Steven Wendell Stockbridge was standing on the sidewalk outside of the public library collecting signatures for an initiative - petition concerning a proposed amendment to the Ohio Constitution concerning reduced medical costs of dialysis for children. (T. at 20-24). Appellant was approached by Officer Cook, who asked him if he had secured a permit to collect signatures. Appellant told Officer Cook that he was advised by an attorney that he was not required to have a permit pursuant to the First Amendment. *Id.*

**{¶5}** Appellant was issued a citation charging him with violating Alliance City Ordinance §1.765.03 <u>Permit, Registration, License Required Solicitation</u> for "knowingly solicit[ing] signatures within the City of Alliance without a valid permit".

**{¶6}** On June 11, 2018, Appellant appeared for his arraignment and entered a plea of "not guilty".

**{¶7}** On June 11, 2018, shortly after his arraignment, Appellant was again standing on the sidewalk collecting petition signatures, this time outside of the Alliance Police Department, when he was approached by Lieutenant William Morris. Lt. Morris asked Appellant if he had a permit to collect the signatures, to which Appellant replied

that he did not. (T. at 25-26).

{¶8}   Appellant was issued a citation charging him with violating Alliance City Ordinance §1.765.04 for "soliciting a residential neighborhood w/out a permit, on sidewalk, public."

{¶9}   On July 2, 2018, a bench trial on both violations commenced in this matter.

{¶10} At trial, the court heard testimony from Officer Amabeli, Officer Cook, Lieutenant Morris and Appellant, who represented himself.

{¶11} Officer Cook testified that on June 9, 2018, he observed Appellant collecting signatures on public property, on the sidewalk, and that he did not have a permit from the City of Alliance.

{¶12} Lt. Morris testified than on June 11, 2018, he observed Appellant speaking with Detective Minich outside of the police station. (T. at 26). Shortly thereafter he received a call from Det. Minich advising him that Appellant had solicited him to sign his petition. *Id.* Lt. Morris located Appellant outside of the station, on the sidewalk, and when he inquired as to whether Appellant had a permit to solicit signature in the City of Alliance, Appellant told him that he did not. (T.at 26, 28).  He further testified that Appellant told him that he worked for a company which paid him to collect the signature. (T. at 27).

{¶13} Both Officer Cook and Lt. Morris testified that a permit is required to solicit or petition for signatures within the City of Alliance. (T. at 23, 28).

{¶14} At the conclusion of the bench trial, the trial court found Appellant guilty of violating both ordinances. The trial court imposed a fine of $100 on each offense and ordered the fine reduced to $50 for each offense if Appellant obtained a permit to solicit or provided proof of exemption under the ordinances.

**{¶15}** Appellant now appeals, raising the following errors for review:

ASSIGNMENTS OF ERROR

**{¶16}** "I. APPELLANT'S CONVICTION FOR VIOLATING ALLIANCE MUNICIPAL ORDINANCE §1-765.04 WAS AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF ARTICLE IV, SECTION 3, OF THE OHIO CONSTITUTION.

**{¶17}** "III. APPELLANT'S CONVICTION FOR VIOLATING ALLIANCE MUNICIPAL ORDINANCE §1-765.03 VIOLATED AMENDMENTS ONE AND FOURTEEN TO THE UNITED STATES CONSTITUTION."

**I.**

**{¶18}** In his first assignment of error, Appellant argues that his conviction was not supported by the manifest weight or sufficiency of the evidence. We agree.

**{¶19}** On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

**{¶20}** On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must

be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). *See also, State v. Thompkins*, 78 Ohio St.3d 380, 1997–Ohio–52, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

**{¶21}** We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 237 N.E.2d 212 (1967). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flicking*, 77 Ohio St.3d 415, 418, 1997–Ohio–260, 674 N.E.2d 1159.

**{¶22}** As set forth above, Appellant was charged with and convicted of violating Alliance City Ordinance 765.04 <u>SALES ON PUBLIC PROPERTY PROHIBITED</u>, which reads:

> No person shall on any public street, alley, drive, lane, thoroughfare, court, highway, boulevard or on the sidewalks thereof, solicit the sale of any merchandise, wares, goods, foods, periodicals or other article of value for present or future delivery.

**{¶23}** Upon review, we do not find that the record supports a conviction under AOC §765.04, as Appellant was not soliciting the sale of merchandise or goods or other "article of value" as contemplated by the ordinance. Appellant was not "selling" anything.

**{¶24}** While the City focuses on the fact that Appellant was ultimately paid by a third party for the signatures collected, such arrangement does not transform the act of

petitioning citizens for signatures on a ballot-initiative into a for-profit commercial sales transaction.

**{¶25}** Finally, we find that the Alliance Codified Ordinance defines "solicitation" as follows:

(a) For the purpose of this chapter "solicit" and "solicitation" means an unsolicited, person to person request, occurring on private property, without invitation, of money, credit, property, financial assistance or other thing of value on the plea or representation that the money, credit, property, financial assistance or other thing of value will be used for any purpose.

(b) "Solicit" and "solicitation" also mean and include the following methods of securing money, credit, property, financial assistance or other thing of value on the plea or representation that it will be used for such purposes as herein defined: the unsolicited, person-to-person offer, attempt to sell or sale of, any advertisement, advertising space, book, card, chance, coupon, device, magazine membership, subscription, ticket or other product in connection with which any appeal is made, which occurs on private property without invitation, for any purpose or where the name of any person is used or referred to in any such appeal as an inducement or reason for making any statement is made that the whole or any part of the proceeds from any such sale will go or be donated to any charitable, religious, public purpose, or other not for profit non-commercial purposes. The Mayor or Police Chief may require individuals to disclose the foundation upon which they claim a nonprofit exempt status hereunder.

{¶26} Further, nowhere in the ordinance does it refer to a permit, license or registration requirement.

{¶27} Based on the foregoing, we find that the City failed to prove that Appellant was engaged in solicitation for the sale of anything, and that his conviction was against the manifest weight and sufficiency of the evidence.

{¶28} Appellant's first assignment of error is sustained.

**II.**

{¶29} In his second assignment of error, Appellant argues that his conviction violated his First and Fourteenth Amendment rights under the United States Constitution.

{¶30} Based on our disposition of Assignment of Error I, we will refrain from addressing Appellant's second assignment of error.

{¶31} For the reasons stated in the foregoing opinion, we hereby reverse the decision of the Alliance Municipal Court and Appellant's conviction under Alliance Codified Ordinance §765.04 is vacated.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

JWW/d 1116